**FILED**

JAN 10 2012

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Cause No. CR 10-004-M-DWM |
| ) | CV 11-136-M-DWM |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | ORDER DENYING § 2255 MOTION |
| ) | AND DENYING CERTIFICATE |
| MICHAEL JAMES BURNS, JR., ) | OF APPEALABILITY |
| ) | |
| Defendant/Movant. ) | |

On October 7, 2011, Defendant/Movant Michael James Burns filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Burns is a federal prisoner proceeding pro se. He pled guilty to wire fraud in connection with bogus investment schemes and sentenced to serve 87 months in prison, to be followed by three years' supervised release. He must also pay $445,532.45 in restitution. Judgment (doc. 44) at 1-3, 5.

Burns contends that his lawyer was "completely unprepared" and should have obtained a change of venue, was unable "to obtain any of the Terms agreed upon

1

within [the] plea agreement," and "led me to believe that I would be sentenced to 23 months." Mot. § 2255 (doc. 50) at 5-6. He also claims that a Form 1099 he received after he was sentenced "makes it clear that funds that I received were for services rendered and not fraud on my part." *Id.* at 6.

The transcripts of Burns's change of plea and sentencing hearings are not in the record, because Burns voluntarily dismissed his appeal before they were ordered. Order at 1, *United States v. Burns*, No. 10-30294 (9th Cir. Mar. 3, 2011) (doc. 49). I have consulted the court reporter's rough transcripts in the preparation of this Order. To make clear the basis of the decision, the United States will be required to order and file those transcripts pursuant to 28 U.S.C. § 753(f). To enable Burns to apply to the circuit for a certificate of appealability if he wishes to do so, he will receive a copy. But, for the following reasons, the § 2255 motion is denied. 28 U.S.C. § 2255(b); Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

First, Burns's lawyer obtained the terms agreed upon in the Plea Agreement. The United States agreed to dismiss Count 2 of the Indictment and to recommend a three-level reduction for Burns's acceptance of responsibility. Plea Agreement (doc. 27) at 2-3 ¶ 5. It did both of those things. Resp. to Def. Sentencing Mem. (doc. 42) at 8-9; Minutes (doc. 43).

Second, even assuming that Burns's lawyer "led [him] to expect" a 23-month sentence, he does not allege that counsel gave him bad advice about the effects of going to trial, *see Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986), or that there is a reasonable probability he would have gone to trial if he had not been "led to expect" a 23-month sentence, *Hill v. Lockhart*, 474 U.S. 52, 56-57, 59 (1985). Additionally, even assuming, for the sake of argument, that counsel thought the advisory guideline range would work out around 23 months, counsel's estimate was not a "gross mischaracterization of the likely outcome," *Iaea*, 800 F.2d at 865. Burns's sentencing range would have been 50-63 months if he had earned credit for acceptance of responsibility. Since he did not, his advisory guideline range was 70-87 months. But he could have been sentenced to up to 240 months, 18 U.S.C. § 1343. He was advised not only of that fact at his change of plea hearing, *see* Fed. R. Crim. P. 11(b)(1)(H), but he was also advised that any guideline estimate his counsel had given him was only an estimate. The difference between 23 months and 87 months, therefore, cannot be called a "gross mischaracterization."

Third, a motion for change of venue would have been denied because it would have been meritless. Pursuant to an agreement with Burns, on October 17, 2008, a victim of his schemes directed Glacier National Bank in Kalispell to wire $250,000 to a Burns account in San Francisco. Offer of Proof (doc. 29) at 3. Having devised

a scheme to obtain money by false and fraudulent pretenses, Burns caused the victim to transmit funds by wire from Kalispell to San Francisco. "[V]enue is established in those locations where the wire transmission at issue originated, passed through, or was received, or from which it was 'orchestrated.'" 18 U.S.C. § 1343; *United States v. Pace*, 314 F.3d 344, 349 (9th Cir. 2002).

Finally, the Form 1099 submitted by Burns shows $5,000.00 in "non-employee compensation" and appears to come from a business entity bilked by him. *Cf.* Presentence Report ¶ 51 (Hank Woodburn). How Burns's victims choose to treat the expenses they incurred as a result of his misdeeds is up to them. The form does not prove that Burns actually provided bona fide services.

Burns's claims are frivolous. He does not make a showing of any substance that he was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2). There is no reason to encourage further proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcripts of the change of plea hearing, held June 24, 2010, and of the sentencing hearing, held October 8, 2010, are required to decide the issues presented by Burns. The United

States shall immediately order the transcripts of those hearings for the Court's file, with a copy of each to be delivered to Michael James Burns, # 10745-046, FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Fort Dix, NJ 08640.

2. Burns's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 50) is DENIED;

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Burns files a Notice of Appeal;

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 11-136-M-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Burns.

DATED this 10th day of January, 2012.

Donald W. Molloy
United States District Court